UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| TAM M. LIEU | CIVIL ACTION NO. 2:13-2491 |
| | SECTION P |
| VERSUS | |
| | JUDGE TRIMBLE |
| FEDERAL DETENTION | |
| CENTER OAKDALE, ET AL | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENATON

Before the court is a petition for writ of habeas corpus filed on August 6, 2013, by Tam M. Lieu pursuant to 28 U.S.C. §2241.  Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE).  He is presently detained at the Federal Detention Center in Oakdale, Louisiana (FCIO).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636.  For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED** for lack of jurisdiction.

### Background

Petitioner is a native and citizen of Vietnam.  Doc. 1.  He has been a lawful permanent resident of the United States since 1992.  *Id.*  In 2000 he pled guilty to knowingly and intentionally distributing a controlled dangerous substance, possession of a controlled dangerous substance and public bribery in the 24th Judicial District Court, Jefferson Parish, Louisiana.  *Id.*  He did not appeal his conviction or the five year suspended sentence imposed by the court.  *Id.*

Lieu was later found removable as an aggravated felon, and he was arrested and detained on April 10, 2013. *Id.* On July 8, 2013, an immigration judge found that Lieu was not eligible for release on bond due to his status as an aggravated felon. *Id.*

In his petition he requests that he be released from custody, that his deportation be enjoined, and that he be allowed to stay in the United States pending a decision of the Board of Immigration Appeals. *Id.* Petitioner alleges that he cannot be deported to Vietnam because Vietnam refuses to accept deportees that came to the United States before 1995 and that under *Padilla v. Kentucky,* 559 U.S. 356 (2010), his attorney provided ineffective assistance of counsel by failing to properly advise him of the immigration consequences of his guilty plea. *Id.* He contends that he would not have pled guilty had he been aware of the possibility of deportation. *Id.*

## Analysis

### I.   Jurisdiction

At the outset, this court must consider whether it has jurisdiction to review petitioner's challenge to his removal order.

On May 11, 2005 Congress enacted the REAL ID Act of 2005. *See* Pub.L.No.109-13, 119 Stat. 231. Section 106(a) of the REAL ID Act of 2005, codified at 8 U.S.C. § 1252, amends the Immigration and Nationality Act by providing that a petition filed in the appropriate court of appeals is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of habeas corpus is not an appropriate vehicle for challenging a removal order.[1]

---

[1] Title 8 U.S.C. § 1252(a)(5) provides: "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed in the appropriate court of appeals in accordance with this section shall be the sole and</u>

It is clear that this court lacks jurisdiction to consider this habeas corpus petition which, in actuality, challenges petitioner's order of removal. Additionally, since this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act which allows a district court to transfer a case that was pending on the date of the enactment to the appropriate court of appeals is not applicable to this case.

II. Mootness

Information on the Federal Bureau of Prisons' website reveals that petitioner was released from post-removal-order detention on September 13, 2013.[1] Since petitioner is seeking to have this court order his release from detention, his petition in this regard is now moot.

Therefore,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **DENIED** and **DISMISSED** for lack of jurisdiction and as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

---

exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter …" (emphasis added).

[1] Federal Bureau of Prisons, http://www.bop.gov/iloc2/LocateInmate (last visited Nov. 22, 2013).

**conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 16th day of December, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE